UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-2213-D

**Charles Everette Hinton**,

      Petitioner,

v.

**Frank L. Perry**,

      Respondent.

**Memorandum & Recommendation**

On September 21, 2015, petitioner Charles Everette Hinton, a state inmate proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. D.E. 1. Also before the court are Hinton's Application for Writ of Habeas Corpus Ad Testificandum and Subpoenas Duces Tecum and Ad Testificandum (D.E. 3), Notice and Motion to Join Party and Schedule Case for Trial (D.E. 7), Motion and Notice Request for the Court to Appoint a Guardian Ad Litem for Charles Everette Hinton (D.E. 8), Notice and Motion for Leave to Show Cause (D.E. 11), Notice and Motion for an Order to Stay Criminal Judgments and Sentences (D.E. 12), and Notice and Motion for Joinder of Claims (D.E. 13). The court now conducts its preliminary review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.[1] As explained below, the undersigned

---

[1] On September 22, 2015, the court issued an order noting that Hinton had not paid the filing fee or filed an application to proceed without prepayment of the filing fee. Order, D.E. 6. Hinton was instructed to correct the deficiencies within twenty-one (21) days, and was cautioned that failure to comply with the order may result in dismissal of this action without prejudice. *Id.* The twenty-one (21) day time period has expired, and Hinton has not paid the filing fee or filed an application to proceed in forma pauperis. The instant petition could be dismissed for that reason alone.

recommends[2] that the court dismiss Hinton's Section 2254 petition and deny the remaining motions.

Hinton seeks to challenge his state criminal conviction on the ground that the State of North Carolina lacks jurisdiction over him. See Pet. at 2, D.E. 1. Hinton's filings are rambling and disjointed, and are similar to others previously filed in this court. *See, e.g. Hinton v. McCrory*, No. 5:15-HC-2156-FL (E.D.N.C. Dec. 8, 2015); *Hinton v. North Carolina*, No. 5:14-HC-2136-D (E.D.N.C. May 7, 2015); *Hinton v. Unknown Respondent*, No. 5:13-HC-2048-F (E.D.N.C. Sept. 9, 2014); *Hinton v. Cooper, et al.*, No. 5:13-HC-2099-F (E.D.N.C. Mar. 20, 2014); *Hinton v. Daniels*, No. 5:12-HC-2299-D (E.D.N.C. Dec. 17, 2013). In his instant petition and related filings, Hinton argues that he is illegally restrained because the Mecklenburg County Superior Court "lack[s] jurisdiction over Charles Everette Hinton's Private Person and Natural Independent Man." Pet. at 11, D.E. 1. Hinton asserts that he "[is] not … a voluntary party to any criminal liability, action, or proceeding[.]" *Id.* at 18. Therefore, Hinton claims, the "criminal division lacks jurisdiction over the private interests, rights, and claims, respecting Charles Everette Hinton." *Id.* at 12. Hinton asserts that he has not "enter[ed] into any oral or written contract[,]" respecting his confinement. Mot. at 6, D.E. 7; *see also* Mot. at 13–14, D.E. 12. He seeks "invalidat[ion] [of] the State court's judgments[.]" Pet. at 21, D.E. 1.

The court rejects Hinton's nonsensical assertion, advanced throughout his filings to this court, that he is exempt from the laws of this state because of his status as a private person and natural, independent man. *See e.g.*, *Cunningham-El v. Whitener*, No. 5:10-cv-194-RJC, 2012 WL 137876, at *1 (W.D.N.C. Jan. 18, 2012) (unpublished) (rejecting "Moorish independence" argument); *Headen-El v. Keller*, No. 1:11CV590, 2011 WL 3568282, at *2 (M.D.N.C. Aug. 15,

---

[2] The district court referred this matter to the undersigned United States Magistrate Judge for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1).

2011) (unpublished) (collecting cases); *Caldwell v. Wood*, No. 3:07CV41, 2010 WL 5441670, at *17 (W.D.N.C. Dec. 28, 2010) (unpublished) (collecting cases). Hinton's further "attempt[] to effect his release from prison under principles of contract and/or civil commercial law [is] legally frivolous." *Harris v. Kammerzell¸* 440 F. App'x 627, 629 (10th Cir. 2011) (unpublished); *see United States v. Mitchell*, 405 F. Supp. 2d 602, 604 (D. Md. 2005). Thus, Hinton's claims should be dismissed.

Alternatively, the undersigned recommends that the court dismiss Hinton's petition as successive. Court records indicate that Hinton previously filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction. *See Hinton v. McCrory*, No. 5:15-HC-2156-FL (E.D.N.C. Dec. 8, 2015) (dismissing Hinton's Section 2254 petition as successive); *Hinton v. North Carolina*, No. 5:14-HC-2136-D (E.D.N.C. May 7, 2015) (same). Before filing a second or successive application for habeas relief in the district court, an applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see Magwood v. Patterson*, 561 U.S. 320, 330–31 (2010). This court does not have jurisdiction to review Hinton's current petition unless the United States Court of Appeals for the Fourth Circuit authorizes such review, which it has not done. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam); *United States v. MacDonald*, 641 F.3d 596, 603–04 (4th Cir. 2011); *In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

In sum, the undersigned recommends that the court DISMISS Hinton's petition for writ of habeas corpus (D.E. 1) as frivolous or alternatively, as successive, and that the court DENY Hinton's remaining motions (D.E. 3, 7, 8, 11, 12, 13).

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on petitioner. Petitioner shall have until 14 days after service of the Memorandum and Recommendation on petitioner to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If petitioner does not file written objections to the Memorandum and Recommendation by the foregoing deadline, petitioner will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, petitioner's failure to file written objections by the foregoing deadline will bar petitioner from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: April 11, 2016

*Robert T. Numbers II*

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE